**UNITED STATES DISTRICT COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| JOHN CLARK,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>PGT INNOVATIONS, INC., RODNEY HERSHBERGER, SHEREE BARGABOS, XAVIER BOZA, ALEXANDER R. CASTALDI, RICHARD D. FEINTUCH, JEFFREY T. JACKSON, BRETT N. MILGRIM, WILLIAM J. MORGAN, FRANCES POWELL HAWES, FLOYD F. SHERMAN, and CHRIS J. STEPHENS JR.,<br><br>　　　　　Defendants. | ) Case No.<br>)<br>)<br>)<br>)<br>) **COMPLAINT FOR**<br>) **VIOLATIONS OF THE**<br>) **FEDERAL SECURITIES LAWS**<br>)<br>) **JURY TRIAL DEMANDED**<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Plaintiff John Clark ("Plaintiff"), upon information and belief, including an examination and inquiry conducted by and through his counsel, except as to those allegations pertaining to Plaintiff, which are alleged upon personal belief, alleges the following for his Complaint:

## NATURE OF THE ACTION

1. Plaintiff brings this action against PGT Innovations, Inc. ("PGTI" or the "Company") and its corporate directors for violating Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78n(a), 78t(a), and U.S. Securities and Exchange Commission ("SEC") Rule 14a-9, 17 C.F.R. §240.14a-9 ("Rule 14a-9"), in connection with the proposed acquisition of the Company by to MIWD Holding Company LLC ("MITER").[1]

2. On December 18, 2023, PGTI entered into an Agreement and Plan of Merger

---

[1] The proposed business combination described herein is referred to as the "Proposed Transaction."

(the "Merger Agreement") with MITER and MITER's wholly owned subsidiary RMR MergeCo, Inc. The Merger Agreement provides that MITER will acquire PGTI, with each share of PGTI common stock being converted into the right to receive $42.00 in cash.

3. The Company's corporate directors subsequently authorized the February 14, 2024, filing of a materially incomplete and misleading Schedule 14A Definitive Proxy Statement (the "Proxy Statement") with the SEC. The Proxy Statement, which recommends that Company stockholders vote in favor of the Proposed Transaction, omits or misrepresents material information necessary and essential to that decision. Defendants authorized the issuance of the false and misleading Proxy Statement in violation of Sections 14(a) and 20(a) of the Exchange Act.

4. It is imperative that the material information omitted from the Proxy Statement is disclosed to the Company's stockholders prior to the forthcoming stockholder vote so that they can properly exercise their corporate suffrage rights, among other things.[2]

5. For these reasons and as set forth in detail herein, Plaintiff seeks to enjoin Defendants from taking any steps to consummate the Proposed Transaction unless and until the material information discussed below is disclosed to the Company's stockholders or, in the event the Proposed Transaction is consummated, to recover damages resulting from the defendants' violations of the Exchange Act.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over the claims asserted herein for violations of Sections 14(a) and 20(a) of the Exchange Act and SEC Rule 14a-9 promulgated thereunder

---

[2] The Special Meeting at which stockholders are asked to approve Proposed Transaction currently is scheduled for March 18, 2024.

pursuant to Section 27 of the Exchange Act, 15 U.S.C. § 78aa, and 28 U.S.C. § 1331 (federal question jurisdiction).

7. Personal jurisdiction exists over the defendants because each defendant either conducts business in or maintains operations within this District or is an individual with sufficient minimum contacts with this District to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

8. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because defendants are found or are inhabitants or transact business in this District.

## THE PARTIES

9. Plaintiff is, and is and has been at all times relevant hereto, the owner of PGTI common stock.

10. Defendant PGTI is a Delaware corporation with its principal executive offices located at 1070 Technology Drive, North Venice, Florida 34275.  PGTI's shares trade on the New York Stock Exchange under the ticker symbol "PGTI."  PGTI is a manufacturer of impact-resistant aluminum and vinyl-framed windows and doors and offers a broad range of fully customizable window and door products.  The Company offers its products under the PGT, CGI, WinDoor, Western Window Systems, NewSouth Window Solutions, Eco Window Systems, Eco Window Systems, Anlin, Martin, and Eco Enterprises, Inc. brands.  PGTI serves window distributors, building supply distributors, window replacement dealers, enclosure contractors, and garage door installation dealers, with customers in Florida, other parts of the United States, the Caribbean, Canada, and South and Central America.

11. Defendant Rodney Hershberger is and has been Chairman of the Board and a director of the Company at all times relevant hereto.

3

12. Defendant Sheree Bargabos is and has been a director of the Company at all times relevant hereto.

13. Defendant Xavier Boza is and has been a director of the Company at all times relevant hereto.

14. Defendant Alexander R. Castaldi is and has been a director of the Company at all times relevant hereto.

15. Defendant Richard D. Feintuch is and has been a director of the Company at all times relevant hereto.

16. Defendant Jeffrey T. Jackson is and has been President, Chief Executive Officer, and a director of the Company at all times relevant hereto.

17. Defendant Brett N. Milgrim is and has been a director of the Company at all times relevant hereto.

18. Defendant William J. Morgan is and has been a director of the Company at all times relevant hereto.

19. Defendant Frances Powell Hawes is and has been a director of the Company at all times relevant hereto.

20. Defendant Floyd F. Sherman is and has been a director of the Company at all times relevant hereto.

21. Defendant Chris J. Stephens Jr. is and has been a director of the Company at all times relevant hereto.

22. Defendants identified in paragraphs 11-21 are collectively referred to herein as the "Board" or the "Individual Defendants."

## SUBSTANTIVE ALLEGATIONS

**The Proposed Transaction**

23. On January 17, 2024, MITER and the Company jointly announced in relevant part:

> HARRISBURG, Pa. & VENICE, Fla.--(BUSINESS WIRE)--MITER Brands™ ("MITER"), a nationwide manufacturer of precision-built windows and doors, and PGT Innovations Inc. (NYSE: PGTI) ("PGTI"), a manufacturer of premium windows and doors, today announced they have entered into a definitive merger agreement for MITER to acquire all outstanding shares of PGTI at a price of $42.00 per share in cash, or an enterprise value of approximately $3.1 billion. The purchase price represents a premium of 60% over PGTI's unaffected closing share price on October 9, 2023, the last trading day prior to the public disclosure of a proposal for the acquisition of PGTI. The merger agreement has been unanimously approved by the boards of directors of both companies. The transaction will be financed in part by an equity investment from Koch Equity Development LLC, the principal investment and acquisition arm of Koch Industries, Inc., and a current investor in MITER.
>
> PGTI also announced that it has terminated its merger agreement with Masonite International Corp. ("Masonite") dated December 17, 2023.
>
> **Executive Commentary**
>
> Matt DeSoto, President and CEO of MITER Brands, said, "MITER and PGTI are fully aligned in providing world-class service and the finest products with a culture where people, performance, and customer experiences come first. Our product mix and geographic presence are highly complementary, and we look forward to delivering enhanced value to our team members, customers, suppliers, and local communities. The combined company will continue its long-held commitment to innovation, service, and high-quality window and door products as we accelerate our growth trajectory. We are excited to welcome the PGTI team into our owner-operated business with family-first values."
>
> Jeffrey T. Jackson, PGTI President and Chief Executive Officer, said, "We are thrilled to have reached an agreement with MITER that maximizes value for PGTI shareholders. Since PGTI's founding over 40 years ago, we have delivered profitable growth and created significant shareholder value by serving our customers with the high-quality window and door solutions they need. In MITER, we have found a strong partner that shares our commitment to safety, quality, and innovation. We are excited to join forces with the MITER team."

"Koch Equity Development is excited to support the DeSoto family along with the entire MITER Brands team in building the most valued window and door brand in America with our third equity investment since 2019, said Richard Hunt, Managing Director at Koch Equity Development. "We are confident that MITER's acquisition of PGTI will result in long-term value creation for all of MITER's stakeholders and constituencies."

**Timing and Approvals**

MITER and PGTI entered into their agreement after the PGTI Board unanimously determined that MITER's proposal constituted a "Superior Proposal" as defined in PGTI's merger agreement with Masonite, dated December 17, 2023. PGTI notified Masonite of its determination and Masonite waived its right to improve the terms of its offer. In accordance with PGTI's merger agreement with Masonite, concurrent with the signing of PGTI's definitive merger agreement with MITER, PGTI terminated its merger agreement with Masonite and MITER, on behalf of PGTI, paid the termination fee of $84 million due to Masonite.

MITER's transaction with PGTI is expected to close by mid-year 2024, subject to PGTI shareholder approval, regulatory approval and customary closing conditions. MITER has obtained commitment letters for the financing necessary to complete the transaction, which is not subject to a financing condition. Upon completion of the transaction, PGTI will become a privately held subsidiary of MITER and its common stock will no longer be traded on the NYSE.

For further information regarding the terms and conditions contained in the definitive transaction agreement, please see PGTI's current report on Form 8-K, which will be filed with the U.S. Securities and Exchange Commission in connection with the transaction.

**Advisors**

KeyBanc Capital Markets Inc. and RBC Capital Markets are acting as financial advisors to MITER Brands and are providing committed debt financing, and Stinson LLP is acting as its legal counsel. Evercore is acting as exclusive financial advisor to PGTI, and Davis Polk & Wardwell LLP is acting as legal counsel to PGTI. Rothschild & Co US Inc. is acting as financial advisor to Koch Equity Development LLC and Jones Day is acting as its legal counsel.

**The Materially Incomplete and Misleading Proxy Statement**

24. The Board caused to be filed the materially incomplete and misleading Proxy Statement with the SEC on February 14, 2024. The Proxy Statement, which recommends that

PGTI stockholders vote their shares in favor of the Proposed Transaction, fails to disclose material information to Company stockholders, or provides them with materially misleading information, concerning: (a) the financial forecasts for PGTI; and (b) the financial analyses that support the fairness opinion provided by the Company's financial advisor, Evercore Group L.L.C. ("Evercore").

*Material Misrepresentations and/or Omissions Concerning the Company's Financial Forecasts*

25. The Proxy Statement fails to disclose material information concerning the Company's financial forecasts, including the line items underlying forecasted Adjusted EBITDA and Unlevered Free Cash Flow with respect to PGTI management's financial forecasts for each of the Core Business, Triple Diamond Glass business and PGTI (Combined).

26. The Proxy Statement also fails disclose the research analysts' estimates for the Company utilized by Evercore in connection with its fairness opinion.[3]

*Material Misrepresentations and/or Omissions Concerning the Financial Analyses Prepared by Evercore*

27. The Proxy Statement fails to disclose material information concerning the financial analyses prepared by Evercore.

28. As to the *Discounted Cash Flow Analysis* performed by Evercore, the Proxy Statement fails to disclose: (a) the terminal year estimate of unlevered free cash flow for the Company's core business and Triple Diamond Glass business; (b) PGTI's terminal values; (c) the Company's estimated net debt as of December 31, 2023; and (d) PGTI's fully diluted outstanding shares.

---

[3] *See* Proxy Statement at 55.

29. As to the *Selected Public Company Trading Analysis* and *Selected Transactions Analysis*, each performed by Evercore, the Proxy Statement fails to disclose: (a) the respective multiples and financial metrics for each company and transaction; (b) PGTI's estimated net debt as of December 31, 2023; and (c) its fully diluted outstanding shares.

30. As to the *Equity Research Analyst Price Targets* analysis performed by Evercore, the Proxy Statement fails to disclose the individual price targets observed and their corresponding sources.

31. The omission of the above-referenced information renders statements in the "Certain Financial Projections Utilized by the PGTI Board of Directors and PGTI's Financial Advisor" and "Opinion of PGTI's Financial Advisor" sections of the Proxy Statement materially incomplete and misleading in contravention of the Exchange Act.

32. Absent disclosure of the foregoing material information prior to the stockholder vote, Plaintiff and the other stockholders of the Company will be unable to make a sufficiently informed decision in connection with the Proposed Transaction and are thus threatened with irreparable harm warranting the injunctive relief sought herein.

## CLAIMS FOR RELIEF

### COUNT I

**Claims for Violation of Section 14(a) of the Exchange Act and Rule 14a-9 Promulgated Thereunder Against the Individual Defendants and PGTI**

33. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

34. The Individual Defendants disseminated the false and misleading Proxy Statement, which contained statements that, in light of the circumstances under which they were made, omitted to state material facts necessary to make the statements therein not materially

misleading, in violation of Section 14(a) of the Exchange Act and Rule 14a-9. PGTI is liable as the issuer of these statements.

35.     The Proxy Statement was prepared, reviewed, and/or disseminated by the Individual Defendants. By virtue of their positions within the Company, the Individual Defendants were aware of this information and their duty to disclose this information in the Proxy Statement.

36.     The Individual Defendants were at least negligent in filing the Proxy Statement with these materially false and misleading statements.

37.     The omissions and false and misleading statements in the Proxy Statement are material in that a reasonable stockholder will consider them important in deciding how to vote on the Proposed Transaction. In addition, a reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available in the Proxy Statement and in other information reasonably available to stockholders.

38.     The Proxy Statement is an essential link in causing Plaintiff and the Company's stockholders to approve the Proposed Transaction.

39.     By reason of the foregoing, defendants violated Section 14(a) of the Exchange Act and Rule 14a-9 promulgated thereunder.

40.     Because of the false and misleading statements in the Proxy Statement, Plaintiff is threatened with irreparable harm.

## COUNT II

### Claims for Violation of Section 20(a) of the Exchange Act
### Against the Individual Defendants

41.     Plaintiff repeats and realleges the preceding allegations as if fully set forth

herein.

42. The Individual Defendants functioned as controlling persons of PGTI within the meaning of Section 20(a) of the Exchange Act as alleged herein. By virtue of their positions as officers and/or directors of PGTI and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Proxy Statement, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that Plaintiff contends are false and misleading.

43. Each of the Individual Defendants was provided with or had unlimited access to copies of the Proxy Statement alleged by Plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

44. Each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the transactions giving rise to the violations as alleged herein and exercised the same. The Proxy Statement contains the unanimous recommendation of the Individual Defendants to approve the Proposed Transaction. They were thus directly involved in the making of the Proxy Statement.

45. By virtue of the foregoing, the Individual Defendants violated Section 20(a) of the Exchange Act.

46. As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the Exchange Act and Rule 14a-9, by their acts and omissions as alleged herein. By virtue of their positions

as controlling persons, these defendants are liable pursuant to Section 20(a) of the Exchange Act. As a direct and proximate result of defendants' conduct, Plaintiff is threatened with irreparable harm.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment and preliminary and permanent relief, including injunctive relief, in his favor on behalf of the Company, and against defendants, as follows:

    A.    Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction and any vote on the Proposed Transaction, unless and until defendants disclose and disseminate the material information identified above to Company stockholders;

    B.    In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages to Plaintiff;

    C.    Declaring that defendants violated Sections 14(a) and/or 20(a) of the Exchange Act;

    D.    Awarding Plaintiff the costs of this action, including reasonable allowance for Plaintiff's attorneys' and experts' fees; and

    E.    Granting such other relief as this Court may deem just and proper.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK.]

## JURY DEMAND

Plaintiff demands a trial by jury on all claims and issues so triable.

Dated:  March 4, 2024 **LONG LAW, LLC**

By: */s/ Brian D. Long*
Brian D. Long (#4347)
3828 Kennett Pike, Suite 208
Wilmington, DE 19807
Telephone: (302) 729-9100
Email: BDLong@LongLawDE.com

*Attorneys for Plaintiff*